J-A27004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRELL M. STEWART | : | |
| | : | |
| Appellant | : | No. 139 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004058-2008

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.*

CONCURRING MEMORANDUM BY NICHOLS, J.:     **FILED: AUGUST 6, 2024**

I join the Majority's conclusion that the trial court abused its discretion when it re-sentenced Appellant to a sentence of life imprisonment without the possibility of parole (LWOP) "without proper consideration of the hallmark features of [Appellant's] youth at the time he committed his crime[.]" Majority Op. at 23; *see also Miller v. Alabama*, 567 U.S. 460, 476 (2012); ***Commonwealth v. Felder***, 269 A.3d 1232, 1245 (Pa. 2022). I write separately to note that on this record, I disagree that the trial court failed to consider Appellant's rehabilitative efforts made while incarcerated when crafting his sentence. For the following reasons, I respectfully concur in the result.

_____

* Former Justice specially assigned to the Superior Court.

The Majority Opinion reaches its conclusion based, in part, on this Court's decision in **Commonwealth v. Schroat**, 272 A.3d 523 (Pa. Super. 2022), which concluded that the trial "court gave short shrift to factors indicative of [the defendant's] history, character, condition, and rehabilitative needs[—]statutory factors it is required to consider." **Schroat**, 272 A.3d at 529-30 (citations omitted). The **Schroat** Court further concluded that the trial court's opinion[1] demonstrated

> a lack of consideration for [the defendant's] youth, history, and rehabilitative needs in favor of an inordinate focus on the heinous act he committed as a minor. [The defendant] presented significant, uncontroverted evidence that he has matured and made steps toward rehabilitation while in prison. Yet, in the sentencing court's view, [the defendant] has made no progress because he committed murder in 1992. This view directly contradicts the [United States] Supreme Court's edict that "children who commit even heinous crimes are capable of change[,]" [**Montgomery v. Louisiana**, 577 U.S. 190, 212 (2016)], is manifestly unreasonable, and an abuse of discretion.

**Id.** at 530 (citations omitted); **see also** Majority Op. at 22 (citing **Schroat**, 272 A.3d at 529-30).

Under the Crimes Code, when sentencing a juvenile convicted of first-degree murder, the sentencing court must consider a number of different factors, including, *inter alia*, the impact of the offense on the victim and community, the nature of the offense, and age-related characteristics of the defendant. 18 Pa.C.S. § 1102.1(d); **see also Felder**, 269 A.3d at 1245 n.15

---

[1] **Schroat** includes very few references to, or analysis of, the transcript of the sentencing hearing, and it instead focuses on the trial court's opinion.

(stating that for juvenile offenders committing first-degree murder prior to June 24, 2012,[2] Section 1102.1's factors are to serve as non-binding factors providing guidance for the sentencing court).

Based on the record in the instant case, I cannot conclude that the trial court gave short shrift to Appellant's history, character, condition, or rehabilitative needs. On this record it is readily apparent that the trial court heard extensive testimony concerning mitigating factors from Appellant's mother, Appellant's aunt, as well as Appellant who testified about the progress and personal development he has initiated during his incarceration. *See* N.T. Sentencing Hr'g, 10/19/22, at 15-21; *see also* Majority Op. at 14-15. At no point did the trial court attempt to curtail arguments or statements from either party. To the contrary, prior to hearing from Appellant, the trial court stated:

> All right. Is there anyone else who wishes to speak?
>
> I would rather not have anyone leave here, leave this room today and say I didn't have the chance to speak. If you wish to speak, now is your time. Please come up.

N.T. Sentencing Hr'g, 10/19/22, at 19.

Prior to imposing sentence, the trial court appropriately referenced the heinous nature of the underlying offense. *See id.* at 23-24, 26. The trial court also explicitly referenced the mitigating factors presented by Appellant.

> [Appellant] seems to be doing well in prison. He has no misconduct . . . for the last seven years.

---

[2] In the instant case, the underlying offense occurred on June 6, 2008.

He is in the barber school. He is a peer support specialist inside the jail and does have the support of his family as well. **So that is another factor that has to be considered.**

*Id.* at 26 (emphasis added).

Although the trial court did not re-state all of the mitigating evidence presented by Appellant during the sentencing hearing, it is clear that the trial court considered Appellant's mitigating evidence, but also weighed that against the heinous nature of the underlying crime. It is well settled that when considering the discretionary aspects of sentencing, we may not "reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all mitigating factors." ***Commonwealth v. Lawrence***, 313 A.3d 265, 286 (Pa. Super. 2024) (citation omitted and some formatting altered).

Based on this record, I cannot agree that the trial court gave short shrift to the mitigating evidence and rehabilitative efforts presented by Appellant in the instant case, nor do I agree that it was overly affected by the heinous nature of the crime committed by Appellant in its resentencing of Appellant to life without parole. ***Cf. Schroat***, 272 A.3d at 529-30. However, I am constrained on this record to conclude that the trial court did not adequately address as part of its resentencing decision, the required ***Miller*** and ***Felder*** factors of the hallmarks and features of Appellant's youth, including the transient immaturity of youth when he committed this crime as a juvenile; therefore, I agree that remand for resentencing is appropriate.

*See Miller*, 567 U.S. at 476; *Felder*, 269 A.3d at 1245.  For these reasons, I respectfully concur with the Majority's decision to remand for resentencing.

PJE Stevens joins the concurring memorandum.